JULIUS GOLDSTEIN

*v.*

GRANVILLE LOWTHER.

NEW TRIAL—*party taken by surprise entitled to.* Where there are no written pleadings to apprise a defendant of an intention on the part of the plaintiff to rely upon a verbal contract alleged to have been substituted for

a written contract acknowleged to have existed between the parties, the defendant may well complain of a surprise by such a course; and upon an affidavit to the effect that he was so surprised, and that no such verbal contract was ever made, that he was unable, by reason of such surprise, to produce witnesses to contradict the testimony of plaintiff's witnesses, and that, upon another trial, he can produce such witnesses, a new trial ought to be granted.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action of assumpsit, brought by the appellee against the appellant. The declaration contained only the common counts, to which the general issue was pleaded, under an agreement that any evidence might be offered under it that could be offered under any plea properly pleaded.

Upon the trial, the plaintiff testified that he and defendant entered into a written agreement, a copy of which he produced, the substance of which was, that the defendant sold to the plaintiff an orchestrian and seven cylinders, for which the plaintiff was to give him two billiard tables and $1500 in money, in instalments. The plaintiff then testified that, about ten days after the contract was made, he delivered the billiard tables to the defendant, and that the defendant then offered him $100 to rescind the written contract and let him (defendant) keep the billiard tables at $500, which offer the plaintiff then and there accepted. Three other witnesses testified to substantially the same conversation.

The defendant, in his testimony, denied the verbal contract, and insisted that the written contract was still in force.

The jury returned a verdict for the plaintiff, and defendant entered a motion for a new trial, which was overruled and a judgment rendered upon the verdict, from which judgment the defendant appealed to this court.

In support of the motion for a new trial, the defendant read his own affidavit, stating that the evidence in regard to the cancellation of the written contract on the part of the plaintiff was not true; that he, defendant, was taken by surprise by such testimony, and was unable, at the time of the trial, to

contradict it, except by his own testimony; that, since the trial, he had discovered that he could prove by three witnesses, whose names are given, and others whose names he had not been able to ascertain, that the plaintiff had, about a month after the time he testified the written contract was canceled, on several occasions, been in the city of Champaign, trying to rent a room to open a saloon, and then and there stated he had bought the orchestrian referred to in the written contract, and expected to move it there as soon as he could get ready to open the saloon.

Messrs. BISHOP & McKINLAY, and Messrs. SELLORS & DOLE, for the appellant.

Mr. JAMES A. EADS, for the appellee.

Per CURIAM: We have examined this record and the points made upon it, and are not satisfied with the finding and judgment.

Appellant might well complain of surprise by the course pursued on the trial, by substituting a verbal contract for the written contract the parties had entered into, the defendant not being apprised, by any pleadings in the cause, that such would be the claim of the plaintiff to a recovery. The defendant did not enter upon the trial prepared to make any defense to such a claim. In truth, he was not then able to make any defense.

We are satisfied justice will be best subserved by submitting the cause to another jury, so that a full investigation may be had, and which it does not appear has been had.

The judgment will be reversed, and the cause remanded that a new trial may be had.

*Judgment reversed.*